### No. 1294.

MRS. CLARA J. MULLEN, WIFE, ETC., VS. ZUBERBIER & BEHAN.

The Supreme Court has no jurisdiction over a suit in nullity of a judgment rendered on an hypothecary action, when the amount, to pay which the property is sought to be subjected, does not exceed two thousand dollars.

The circumstance that the demand in nullity is coupled with a prayer for damages exceeding that sum, does not make the case appealable.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *De Baillon*, J.

*L. L. Bourges* for Plaintiff and Appellant.

*Felix Voorhies & Son* for Defendants and Appellees.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is a suit to annul a judgment. The complaint is, that the judgment was rendered without any citation issued to and served on the then defendant, but contradictorily with a curator *ad hoc*, whom the court was powerless to appoint and who could not represent her.

The suit in which the judgment complained of was rendered, had for its object the enforcement of a money judgment for five hundred and forty dollars and thirty-five cents ($540 35) by the hypothecary action. That judgment had been rendered against the party from whom the

State ex rel. Levy & Bro. vs. Judge.

defendant had acquired the property, and was recorded at the time of the transfer.

The action of nullity is therefore brought to relieve the property from a claim which does not exceed $2000, the actual lower limit of our jurisdiction.

It is true that the plaintiff sues besides for $3000 damages, said to have been sustained in consequence of the judgment attacked, which it is said prevented plaintiff from selling the property, and also in attorney's fees for bringing the present suit; but there is nothing to show that the judgment was executed and that injury was entailed in consequence.

The claim for damages clearly appears to have been made for the sole purpose of bringing the case within the jurisdiction of this Court; and, unfounded as it seems on the face of the papers, it must be deemed frivolous.

In the case of Young vs. Duncan, 39 Ann. 86, in which an attorney claimed a fee of $1500, with privilege on a judgment valued at more than $2000, the appeal was dismissed, the title to the judgment not being involved and the only question at issue being the value of the services of counsel and the existence *vel non* of the security claimed.

This Court could pass on the question of damages only after having annulled the judgment attacked.

It is therefore ordered that the appeal herein be dismissed with costs.